**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

ANDREW REID                                                        PLAINTIFF

V.                                    No. 5:12CV00230 KGB/BD

CURTIS MEINZER, *et al.*                                          DEFENDANTS

<u>**RECOMMENDED DISPOSITION**</u>

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## II.   Background:

Plaintiff Andrew Reid, an Arkansas Department of Correction ("ADC") inmate housed at the Varner Supermax Unit ("VSM"), originally filed this lawsuit pro se on behalf of himself as well as multiple other inmates.  Because of the divergent parties and claims, the Court severed the lawsuit to allow each inmate plaintiff to assert his claims in his own lawsuit.  In addition to severing the claims of the various plaintiffs, the Court instructed Mr. Reid to file an amended complaint to clarify his constitutional claims.  Mr. Reid has since filed two amended complaints.  (Docket entries #43 and #47)

Mr. Reid's claims center around his placement in the incentive level program (also known as the Behavior Modification Program) at the VSM.  He complains that he was not permitted to attend the VSM placement hearing held on April 16, 2012, and was not permitted to testify on his own behalf.

Mr. Reid also alleges that he was not permitted to possess magazines during his time in the first two levels of the program; he was told that he could not communicate with other inmates; he was forced to watch Christian-based television programs, in violation of his First Amendment rights; the Defendants were deliberately  indifferent to his mental health needs by keeping him in the VSM incentive level program; he was

subjected to double jeopardy because his privileges were restricted, even though he was not in punitive isolation; he was denied equal protection because neither female inmates nor inmates housed in administrative segregation have to participate in the incentive level program; and he was transferred to the VSM in retaliation for filing a civil rights lawsuit.[1]

The Defendants previously moved for summary judgment on some of Mr. Reid's claims. The Court granted the motion and dismissed Mr. Reid's due process, conditions-of-confinement, equal protection, and gender-discrimination claims. In addition, the Court dismissed Mr. Reid's claims for money damages from the Defendants in their official capacities. (#95) Because the Defendants did not address Mr. Reid's claims regarding his First Amendment right to receive periodicals, his right to communicate with other inmates, his double jeopardy claim, the alleged violation of the Establishment Clause, or his retaliation claim, the Defendants were allowed additional time to file a motion for summary judgment that addressed those claims.[2]

---

[1] Based on allegations in Mr. Reid's amended complaints, the Court previously dismissed claims regarding the confiscation of his personal property; the failure of the ADC employees to protect him while he was housed at the Cummins Unit; and the denial of his opportunity to participate in vocational programs. (#92)

[2] Mr. Reid alleges that he was "given rules stating that he cannot talk to other inmates." (#47 at p.6) The Defendants did not address this claim in their supplemental motion for summary judgment. Even so, "there is no absolute First Amendment right to communicate with other inmates." *Bear v. Kautzky*, 305 F.3d 802, 805 (8th Cir. 2002). Further, although Mr. Reid claims that the Defendants told him he could not communicate with other inmates, he has not alleged that he was actually prohibited from communicating from other inmates in any manner. As stated, this allegation does not state a federal claim.

The Defendants have now filed a supplemental motion for summary judgment. (#96)  Mr. Reid has not responded to the motion and the time for doing so has passed. Based on the undisputed evidence, the Defendants' supplemental motion for summary judgment (#96) should be GRANTED, and Mr. Reid's remaining claims DISMISSED.[3]

## III.   Discussion:

### A.   Summary Judgment Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial.  *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  When the nonmoving party cannot come forward with enough evidence to establish a necessary element of the case, the moving party is entitled to judgment as a matter of law.  *Celotex Corp.,* 447 U .S. at 322–23, 106 S.Ct. at 2552.

---

[3]  Because the claims addressed in the pending motion fail as a matter of law, the Court need not address the Defendants' qualified-immunity argument in this Recommendation.

4

B.     <u>First Amendment Claims</u>

1.     Periodicals

Mr. Reid alleges that Defendants interfered with his First Amendment right to receive magazines through the mail.  (#43 at p.3; #47 at pp.6, 23)  Defendants admit that Mr. Reid was not allowed to receive magazines, but argue that "the privilege of ordering and receiving magazine subscriptions is reserved for those who progress through the VSM program and achieve Level IV and Level V."  (#98 at p.6)

It is undisputed Mr. Reid had access to a newspaper subscription to the *Arkansas Democrat-Gazette* and to library books while he was in the VSM incentive level program.  (#98 at p.7)  Thus, the Defendants did not deny Mr. Reid access to all newspapers and periodicals.  Moreover, these restrictions were rationally related to the legitimate ADC objective of maintaining a secure environment and ensuring the "welfare of inmates who have demonstrated that they are not capable of functioning in a general population setting."  (#98-11 at p.1)  As a result, this claim fails.[4]

2.     Establishment Clause

The First Amendment includes both the Free Exercise Clause and the Establishment Clause.  The Free Exercise Clause prohibits government action that infringes on an inmate's practice of a sincerely held religious belief.  In contrast, the

---

[4]  The Court notes that inmates housed in isolation are not allowed to receive newspapers or magazines.  (#98 at p.7)  Again, such a regulation is related to the legitimate government interest of maintaining safety in the ADC.

Establishment Clause prohibits government action that establishes an official religion or coerces individuals into participating in a particular religion.  See *Munson v. Norris*, 435 F.3d 877, 880 (8th Cir. 2006); *Tarsney v. O'Keefe*, 225 F.3d 929, 935 (8th Cir. 2000).

In their motion, Defendants explain that inmates in the VSM Program must complete certain modules in order to move to the next level of the program.  These modules consist of written materials and videos.  Two of the videos that inmates must watch are "Character 1st Faith; Flexibility" and "In the Shadow of Faith."  (#98 at pp.1, 3)  Defendants note that, although these videos contain the word "faith" in their title, they are non-denominational.  (#98-15 at p.2)  In addition, Defendants explain that inmates participating in the VSM incentive level program may meet with a Chaplain, but they are not required to do so; nor are they required to participate in Chaplain Services.  (#98-15 at pp.1-2)

Here, Mr. Reid claims that he practices Buddhism, and that forcing him to participate violates his First Amendment rights. (#43 at p.3)  Based on Mr. Reid's unsubstantiated allegations, it is unclear what specific religious views these videos advance.  Because Mr. Reid has not come forward with any evidence to substantiate his conclusory allegations, he has failed to create a material dispute of fact on this issue.

3.      Retaliation

Mr. Reid claims that he was transferred to the VSM in retaliation for filing a previous lawsuit against Gaylon Lay, Jackie Smith, and Ray Hobbs in February of 2012.

(#98-2 at pp.1-2)  The undisputed evidence, however, reveals that Jackie Smith and Gaylon Lay were not served with a summons in that lawsuit until April 17, 2012.  (#98-2 at p.3)  Mr. Reid was transferred to the VSM on April 16, 2012.

Moreover, to prove a retaliation claim, a prisoner must present evidence that: he engaged in constitutionally protected activity; defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and retaliation was the actual motivating factor for the adverse action.  *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). protected behavior.  Here, since being transferred to the VSM, Mr. Reid has filed four lawsuits.  (#98-3 at p.1)  As evidenced by his own litigious behavior, Mr. Reid has not been chilled from continuing to exercise his First Amendment rights.  For this reason, the Defendants are entitled to judgment as a matter of law on Mr. Reid's retaliation claim.

C.    Double Jeopardy

Mr. Reid claims that placement in the VSM incentive level program is a violation of double jeopardy.  Unfortunately for Mr. Reid, this claim also fails.

The Double Jeopardy clause applies only to proceedings that are "essentially criminal" in nature.  See *Breed v. Jones*, 421 U.S. 519, 528, 95 S.Ct. 1775 (1975).  Prison disciplinary sanctions, therefore, do not trigger double jeopardy protection.  See *Wolff v. McDonnell*, 418 U.S. 539, 567 (1974); *Wirsching v. Colorado*, 360 F.3d 1191, 1205 (10th Cir. 2004); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (Double Jeopardy

Clause does not apply to a prison's administrative determination that disruptive conduct requires transfer to a higher security facility); and *Kerns v. Parratt*, 672 F.2d 690, 691 (8th Cir. 1982) (per curiam) ("Administrative proceedings based upon violation of prison disciplinary rules did not place defendant 'in jeopardy' for purposes of double jeopardy clause").  Accordingly, Defendants are entitled to judgment as a matter of law on Mr. Reid's double jeopardy claim.

## IV.    Conclusion:

The Court recommends that the Defendants' supplemental motion for summary judgment (#96) be GRANTED, and that Mr. Reid's remaining claims be DISMISSED, with prejudice.

DATED this 15th day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

8